**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:19-cv-00720 |
| v. | § § | |
| STEVENS TANKER DIVISION, LLC, | § § | |
| Defendant. | § § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Now comes Plaintiff Francisco Hernandez, on behalf of himself and all others similarly situated, against Defendant Stevens Tanker Division, LLC and alleges the following:

**I.      SUMMARY**

1.      Congress designed the Fair Labor Standard Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve its goals, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. § § 206(a) and 207(a).  The FLSA enforcement mechanisms prevent employers from pilfering away the salary rightfully earned by their employees.

2.      Plaintiff Francisco Hernandez, and the employees he seeks to represent ("Class Members"), are current and former non-exempt employees of Stevens Tanker Division, LLC ("Defendant" or "Stevens") within the last three (3) years. Defendant knowingly, deliberately, and voluntarily failed to pay its employees overtime and minimum wage.

3. Consequently, the Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Mr. Hernandez and the Class Members, be paid one and one half their regular rate of pay for all hours worked in excess of forty (40) with in a single week and be paid a minimum wage per hour.

4. Mr. Hernandez seeks to recover on behalf of himself and the Class Members all unpaid wages and other damages owed to them under the FLSA as a 29 U.S.C. § 216(b) collective action in order to remedy the extensive and sweeping violations of the wage and hour provisions which the Defendant has integrated as its standard payment policies, violations which have deprived Mr. Hernandez and the Class Members of their lawfully earned wages.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district, including many of the wrongs herein alleged.

## III.   PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Francisco Hernandez worked for Defendant during the last three years in Carrizo Springs, Texas. Plaintiff was employed by Defendant as a sand coordinator from approximately January 2018 until July 2018. His written consent to this action is attached hereto as Exhibit "A."

8. Defendant Stevens Tanker Division, L.L.C. is a limited liability company organized under the laws of Texas. Defendant is headquartered at 9757 Military Parkway, Dallas, Texas

75227. Service of process on this Defendant may be effectuated by service on its registered agent Steven Aaron at 9757 Military Parkway, Dallas, TX 75227.

9. This Court has personal jurisdiction over Stevens because Stevens has purposefully availed itself of the privilege of conducting its business activities in the state of Texas. Stevens has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Stevens will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Stevens is, therefore, consistent with the constitutional requirements of due process.

10. Defendant had and continues to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over it. Specifically, Defendant conducts business in Texas and employs citizens of Texas.

11. The **FLSA Collective** is defined as, "All current and former coordinators and other workers performing substantially similar duties employed by Defendants who were paid on a salary basis without overtime in the last three years."

## IV.   STATUTORY COVERAGE

12. At all material times, Stevens has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Stevens has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

15. At all material times, Stevens has had an annual gross business volume in excess of the statutory standard of $500,000. 26 U.S.C. § 203 (s)(1)(A)(ii).

16. At all material times, Plaintiff and Class Members are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## V. FACTS

17. Stevens uses a fleet of trucks to transport products and material used in the oil and gas industry. Stevens provides its services in Texas, Oklahoma, Louisiana, and New Mexico.

18. Plaintiff was a Sand Coordinator working at Stevens' Carrizo Springs, Texas location. Coordinators, such as Plaintiff, are Stevens' workforce on the ground responsible for directing incoming trucks to the correct location for unloading, and generally assisting in the unloading process from Stevens' trucks.

19. Coordinators commonly work in excess of 12 hours a day, often more than 90 hours a week. In fact, coordinators are commonly called upon to work day after day with little rest.

20. Over the last three years, Stevens has paid its coordinators a salary basis without overtime which violates the law.

21. Stevens classified its coordinators, such as Plaintiff Hernandez, as exempt and paid them on a flat salary basis or on a salary basis with a day rate payment paid for each day spent in the field. However, no exemption in the FLSA shelters Stevens from paying overtime to its coordinators.

22. Coordinators direct the trucks to specific locations, but they do not supervise other employees or manage a customarily recognized department of Stevens's company.

23. Coordinators have no authority to hire or fire other employees.

24. Coordinators have no authority or input regarding promoting or demoting other employees.

25. Coordinators are field employees, not office employees. They perform work related to Steven's core business, not the management of the company's internal operations.

26. The primary duty of a coordinator does not require independent judgment or discretion.

27. Coordinators must follow the directions of the employees giving them assignments.

28. Coordinators are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

29. Despite these facts, Stevens misclassified its coordinators as exempt from overtime pay.

30. Defendant knew or showed reckless disregard for whether Plaintiff and Class Members were entitled to overtime pay under the law. In particular, Defendant is a large company that knew about the requirement to pay overtime pay. The failure on Defendant's part to pay overtime was intentional or a reckless disregard for the law.

## VI. COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings this suit as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of the Class Members who seek all damages under the FLSA.

32. Plaintiff has actual knowledge, through conversations and correspondence with other Stevens employees, that a class of similarly situated plaintiffs exists who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above.

33. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to Steven's policies of misclassifying non-exempt employees as salaried exempt.

34. Stevens uses the same compensation structure regardless of the location of employment of a particular Class Member.

35. All coordinators perform the same essential job functions.

36. The names and address of the Class Members of the collective action are available from Steven's records.  The Class Members should be allowed to receive notice via First Class Mail, email, text message, and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

37. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can be easily calculated using a simple formula.

## VII.  CAUSES OF ACTION

### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

38. Plaintiff incorporates the preceding paragraphs by reference.

39. This cause of action arises out of Stevens's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on a formula in compliance with the FLSA.

40. For all time worked in excess of forty (40) hours each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates.  29 U.S.C. § 207.

41. Stevens has violated and continues to violate the FLSA by misclassifying its coordinators as exempt and paying only a salary without overtime.

42. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Stevens or the Plaintiff.  Stevens cannot satisfy its burden to show that its coordinators may be classified as exempt.

43. Stevens' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VIII.   DAMAGES SOUGHT

44. Plaintiff Hernandez and Class Members are entitled to recover their unpaid overtime premiums.

45. Plaintiff and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

46. Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## IX.   PRAYER FOR RELIEF

47. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of himself and the Class Members awarding them:

    a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all coordinators and all similarly situated employees to permit them to join this action by filing a written notice of consent;

    b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation;

    c. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

    d. Attorneys' fees, costs, and expenses;

    e. Pre- and post-judgment interest at the highest applicable rates; and

8

    f.   Such other and further relief as may be necessary and appropriate.

                    Respectfully submitted,

                KENNEDY HODGES, LLP

                By:  /s/ *Galvin B. Kennedy*_____
                      Galvin B. Kennedy
                      gkennedy@kennedyhodges.com
                      Texas Bar No. 00796870
                      Federal ID 20791
                      4409 Montrose Blvd.
                      Houston, Texas 77006
                      Telephone: (713) 523-0001
                      Facsimile:  (713) 523-1116

              **LEAD ATTORNEY- IN- CHARGE FOR PLAINTIFF AND CLASS MEMBERS**